UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL LANDA,

      Plaintiff,

v.

AON CORPORATION EXCESS
BENEFIT PLAN, AS AMENDED AND
RESTATED AS OF JANUARY 1, 2009,

      Defendants.
_____/

CASE NO. 22-cv-21091-Bloom

Civil Division

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT IN THE ALTERNATIVE

Defendant Aon Corporation Excess Benefit Plan (the "Plan"), by and through its attorneys and pursuant to Rule 12(b)(6) and/or Rule 12(d), hereby moves to dismiss the Complaint filed by Plaintiff Michael Landa ("Plaintiff" or "Landa"), or for summary judgment in the alternative.

**I.     INTRODUCTION**

This case does not belong in federal court at this stage. The Plan suspended and then denied Plaintiff's monthly benefits pursuant to the non-compete, non-solicit, and non-disclosure provisions of the Plan. Plaintiff's allegations of technical compliance with ERISA's claims regulations does not excuse his failure to exhaust the Plan's administrative remedies. The Plan provided Plaintiff with written confirmation that he has 60 days to appeal previously suspended benefits (benefit payments from October 1, 2021 through April 29, 2022), and made a separate determination on April 29, 2022 that Plaintiff is not entitled to any future benefit payments under the Plan. The Plan has made Plaintiff aware of the timelines to appeal these decisions, and has encouraged the voluntary dismissal of this case. Plaintiff has refused to dismiss, in an apparent

VP/#56421560.2

attempt to skirt the Plan's appeal procedures. Accordingly, the Court should dismiss the Complaint and order Plaintiff to pursue his administrative remedies.

## II.    FACTUAL ALLEGATIONS[1]

The Plan is a Supplemental Executive Retirement Plan ("SERP"), which is an unfunded deferred compensation plan for select group of Aon management or highly compensated employees for the purpose of supplementing existing retirement benefits. Statement of Material Facts ("SOF") ¶ 1. This type of plan is often referred to as a "top hat" plan. *Id.* ¶ 2. Aon established the Plan, effective January 1, 1989, and has since amended the Plan as recently as January 1, 2009. *Id.* ¶ 3. As an Executive Vice President with Aon, Plaintiff was a participant in the Plan. *Id.* ¶ 4. As is typical of many top hat plans,[2] the Plan states that a participant may become ineligible to receive payments under the Plan if the participant engages in certain conduct—namely, soliciting Aon employees to work at another employer, competing with Aon, disclosing Aon's trade secrets and confidential information, or harming Aon's reputation, goodwill, or commercial interests. *Id.* ¶ 5.

Plaintiff resigned from Aon in June 2021. *Id.* ¶ 6. On June 24, 2021, Aon initiated litigation in the Circuit Court for Miami-Dade County against Plaintiff, Marsh USA, and several other Aon executives (the "Marsh Litigation"). *Id.* ¶ 7. Aon's amended verified complaint and motion for temporary restraining order alleged various breach of contract claims (including breach of employee and customer non-solicit provisions, and non-disclosure obligations), and breach of the duty of loyalty claims against Plaintiff, as an individual. *Id.* ¶ 8.[3]

---

[1] As required, the Plan accepts as true the well-pleaded allegations of the Complaint for purposes of this motion only.

[2] Top hat plans are subject to ERISA's claims procedures and civil enforcement provisions, but are not subject to ERISA's anti-forfeiture provisions.

[3] This factual background is provided for context. The Court may take judicial notice of these publicly filed documents. *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir.

Plaintiff's employment with Aon was terminated, effective September 8, 2021. *Id.* ¶ 9. While the Marsh Litigation was still pending, in November 2021, Plaintiff completed benefit forms to allow him to start receiving his benefits under the Plan, which would amount to $53,214.67 per month paid over five years. *Id.* ¶¶ 10-11. However, on November 30, 2021, the Plan notified Plaintiff that his benefits were "suspended, effective immediately pending review of [his] potential violation(s) of the Plan's prohibitions on competitive activity (Section 4.4(b) of the Plan)" ("Suspension Notice"). *Id.* ¶ 12. The Suspension Notice further informed Plaintiff that he would be "notified of the determination upon completion of this review." *Id.* Subsequently, on February 2, 2022, Aon, Plaintiff, and the other parties to the Marsh Litigation filed a joint stipulation of dismissal with prejudice. *Id.* ¶ 13.

On March 4, 2022, counsel for Plaintiff sent a letter to the Plan claiming that the Suspension Notice failed to include information required by Section 6.3(b) of the Plan and 29 C.F.R. § 2560-503-1(f)(1), and demanding payment of the amounts he would have received from October 2021 through March 4, 2022. *Id.* ¶ 14. Plaintiff did not file an appeal of the Suspension Notice at that time.

Thereafter, on April 11, 2022, Plaintiff filed the instant lawsuit claiming entitlement to benefits under the terms of the Plan. *Id.* In the Complaint, Plaintiff alleges that the Suspension Notice failed to notify Plaintiff of the 90-day deadline, prescribed by ERISA Regulation § 2560.503-1(f)(1), for the Plan to make any adverse benefit determination and to notify Plaintiff of any such determination in accordance with ERISA Regulation § 2560.503-1(g). ECF No. 1, ¶ 21. According to Plaintiff, the 90-day deadline expired on February 28, 2022. *Id.* ¶ 23. Plaintiff

---

2006) (stating that courts may take judicial notice of public records, such as a complaint filed in another court).

-3-

claims that, because the Plan did not give written notice prior to the termination of the 90-day period and did not seek an extension of time to process the claim, it "waive[d] [] its right to dispute, deny, reduce, or otherwise mitigate Plaintiff's benefits under the Plan." *Id.* ¶¶ 22, 24. Despite not having attempted to appeal the Plan's Suspension Notice prior to filing suit, Plaintiff claims that, pursuant to ERISA Regulation § 2560.503-1(1)(1), he "shall be deemed to have exhausted his administrative remedies available under the plan," because the Plan failed to comply with the 90-day deadline. *Id.* ¶ 26.

On April 29, 2022, the Plan issued a Forfeiture Notice stating that the Plan determined that Plaintiff had violated Section 4.4(b)(i)-(iii) of the Plan prior to October 1, 2021. SOF ¶ 16. In response to Plaintiff's March 4, 2022 letter, the Forfeiture Notice stated that the Plan determined that Plaintiff was not eligible to receive payments that were previously suspended from October 1, 2021 through April 29, 2022. *Id.* ¶ 17. The Plan also independently determined that Plaintiff was not eligible to receive payments after April 29, 2022 due to Plaintiff's violations of Section 4.4(b)(i)-(iii) of the Plan. *Id.* ¶ 18. The Forfeiture Notice states that Plaintiff has 60 days to appeal the Plan's decision regarding previously suspended payments from October 1, 2021, through the date of the Notice (thereby waiving any timeliness objections by the Plan relating to the decision to forfeit payments subject to the Suspension Notice from October 1, 2021 through April 29, 2022). *Id.* ¶ 19. The Forfeiture Notice also states that Plaintiff has 60 days to appeal the Plan's decision related to the forfeiture of all payments after the date of the Forfeiture Notice. *Id.* ("Section 6.3(c) of the Plan allows you to appeal this decision. To do so, a written notice must be submitted to the Administrative Committee of the [Plan] within 60 days of receipt of this letter."). *Id.* ¶ 20. Finally, the Forfeiture Notice informed Plaintiff: "you must exhaust all administrative remedies, including your right to appeal, before seeking any legal recourse in court," but "[i]f the Administrative

Committee denies your appeal, you have a right to bring a civil action in federal court pursuant to Section 502(a)(1)(B) of ERISA." *Id.* ¶ 21.[4]

In conjunction with the Forfeiture Notice, counsel for the Plan contacted Plaintiff's counsel by letter dated April 29, 2022, stating that the "allegation in the Compliant that technical non-compliance with the claims regulations related to a benefit denial somehow defaults to an award of benefits is not consistent with established caselaw." *Id.* ¶ 22. Citing numerous Eleventh Circuit cases, the April 29, 2022 Letter explained that the exhaustion requirements for ERISA claims are not excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure. *Id.* ¶ 23. The April 29, 2022 Letter stated:

> Given that the [Forfeiture] Notice allows Landa to appeal the forfeiture of all payments that would have otherwise been paid since October 1, 2021, there is no prejudice to Landa and he has a full and fair opportunity to appeal all aspects of the [Forfeiture] Notice. Moreover, the Plan's decision to deny all payments after the date of the Notice is an independent benefit determination which is subject to the Plan's appeal provisions. To the extent that Landa seeks to file a civil action to recover payments beyond the date of the Notice, he has failed to exhaust his administrative remedies under the Plan's terms and his argument about technical non-compliance related to the [Suspension Notice] has no bearing on that requirement.

*Id.* ¶ 24. The April 29, 2022 Letter, therefore, encouraged Plaintiff to "dismiss the Complaint without prejudice and pursue his administrative remedies under the Plan without requiring the Plan to file a motion to dismiss for failure to exhaust administrative remedies." *Id.* ¶ 25.

On May 4, 2022, Plan counsel again inquired about a voluntary dismissal of the case. *Id.* ¶ 26. Plaintiff's counsel responded on May 9, 2022 and declined to voluntarily dismiss the case, stating: "our position remains that Aon waived the right to dispute or deny Mr. Landa's benefits under the [Plan], and Aon's untimely April 29, 2022 determination letter does not remedy the

---

[4] Plaintiff has made no allegation, through an amended complaint or otherwise, that the April 29, 2022 Forfeiture Notice fails to meet any aspect of ERISA or the DOL's administrative claim regulations with respect to the Plan's decision to deny future payments after April 29, 2022.

waiver." *Id.* Plaintiff has yet to file an appeal under the Plan's procedures related to either: (a) the Plan's decision to forfeit benefits from October 1, 2021 through April 29, 2022, or (b) the Plan's decision to forfeit benefit payments after April 29, 2022. Consequently, the Plan files this Motion to Dismiss or for Summary Judgment, in the alternative, for failure to exhaust administrative remedies.

### III.   STANDARD OF REVIEW

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (citation and quotation omitted). Although the Court must accept all well-pleaded facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). Similarly, "unwarranted deductions of fact" are not admitted as true for purposes of testing the sufficiency of the complaint. *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[L]abels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*.

The Eleventh Circuit treats the defense of failure to exhaust administrative remedies as a matter of abatement under Fed. R. Civ. P. 12 and, thus, it is analyzed like the defense of lack of jurisdiction. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). As a result, deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process. *Id.* The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative

remedies, it must be dismissed." *Id.* This process is analogous to judgment on the pleadings under Fed. R. Civ. P. 12(c).

If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* In conducting this analysis, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits . . . ." *Bryan v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008); *cf.* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the [plaintiff] has exhausted his available administrative remedies." *Turner*, 541 F.3d at 1082.

## IV. ARGUMENT

### A. The Complaint Should Be Dismissed For Failure To Exhaust Administrative Remedies

The Court should dismiss the Complaint because Plaintiff failed to exhaust the Plan's claims procedures. Plaintiff alleges that he "shall be deemed to have exhausted the administrative remedies available under the Plan" because the Plan "failed to follow claims procedures consistent with the requirements of § 2560.503-1" particularly by "fail[ing] to comply with the 90-day deadline contained in . . . § 2560.503-1(f)(1)." ECF No. 1, ¶ 26. This position is contrary to well-established Eleventh Circuit law.

#### 1. Plaintiff Fails to Allege Facts Which Would Excuse Him from Exhausting His Administrative Remedies with Respect to the Decision to Forfeit Benefits after the date of the Forfeiture Notice

First, Plaintiff's claims of technical non-compliance have no bearing on the adverse benefit determination made by the Plan in the Forfeiture Notice with respect to future payments of

benefits. The Forfeiture Notice contains all information required by ERISA and all technical requirements contained in § 2560.503-1 of the DOL's claims regulations. Plaintiff has not amended his Complaint or otherwise alleged that the Forfeiture Notice fails to meet any regulatory requirement, or fails to inform him of his right to appeal this decision within 60 days. While Plaintiff attempts to avoid the appeal requirement with respect to future payments by focusing on the original Suspension Notice, there is nothing stopping the Plan from making a separate adverse benefit determination at any time during which periodic payments are being made by the Plan. Accordingly, Plaintiff's attempt to go straight to Court with respect to the Plan's determination with respect to all payments after April 29, 2022 is frivolous.

As the Eleventh Circuit has repeatedly held: "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). There is no dispute that the Plan has adopted a compliant claims procedure, which includes traditional ERISA appeal rights. Here, Plaintiff fails to identify any reason why he should be excused from complying with the Plan's claims procedures with respect to the Plan's decision to forfeit benefits from April 29, 2022 going forward. The Court should dismiss the Complaint on this basis alone for Plaintiff's failure to exhaust his administrative remedies.

**2. Plaintiff's Claims of Technical Non-Compliance Do Not Excuse His Failure to Exhaust the Plan's Forfeiture Determination Related to Benefits Suspended between October 1, 2021 and the April 29, 2022 Forfeiture Notice**

Similarly, the Court should also reject Plaintiff's argument that he should be excused from complying with the administrative exhaustion requirement related to the Plan's decision to forfeit payments initially suspended in November 2021 through the date of the April 29, 2022 Forfeiture Notice. Plaintiff's primary argument is that the Suspension Notice did not amount to an adverse

benefit determination and the Plan failed to issue an adverse benefit determination within the 90-day period after he filed his benefits paperwork, pursuant to DOL Regulation § 2560.503(1)(f)(1). Even assuming these claims are true, Plaintiff's claims related to technical non-compliance with respect to the suspended payments do not excuse him from the Plan's administrative exhaustion requirement.

While the ERISA regulations include various technical requirements for employers to follow in reviewing and denying claims, *see, e.g.*, 29 C.F.R. § 2560.503-1(f)–(g), the Eleventh Circuit has made clear, "the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy." *Perrino*, 209 F.3d at 1317. As the *Perrino* court explained:

> Though employees should not have their ERISA claims adversely affected by an employer's technical noncompliance with ERISA regulations, so too, they should not be able to avoid the exhaustion requirement where technical deficiencies in an ERISA claims procedure do not hinder effective administrative review of their claims.

*Id.* at 1318 (citing *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453–54 (6th Cir. 1991) (upholding exhaustion requirement despite the employer's failure to issue a written denial of an employee's benefits where the error resulted in no prejudice to the employee's ability to obtain administrative review of the claim denial)).

The Eleventh Circuit recognizes only two, narrow exceptions to the exhaustion requirement: (1) "when resort to administrative remedies would be futile or the remedy inadequate"; or (2) "where a claimant is denied meaningful access to the administrative review scheme in place." *Id.* at 1316. As explained below, neither exception applies here.

### a. The Forfeiture Notice Provides Plaintiff with the Opportunity to Appeal the Forfeiture of Previously Suspended Payments

The April 29, 2022 Forfeiture Notice informed Plaintiff that he had been found in violation of Section 4.4(b)(i)-(iii) of the Plan as of October 1, 2021, and, as a result, had forfeited any right to receive payments or benefits under the Plan. SOF ¶¶ 16-18; SOF Exhibit 4, Ex. B at 1. The Forfeiture Notice specifically indicates that Plaintiff has 60 days to appeal the Plan's determination that Plaintiff forfeited payments that were suspended as a result of the November 30, 2021 Suspension Notice through the date of the Forfeiture Notice. *See* SOF Exhibit 4, Ex. B at 1. By specifically allowing Plaintiff to appeal the forfeiture of *all* payments that would have otherwise been paid since October 1, 2021, the Plan has waived any timeliness argument related to the decision to forfeit the previously suspended benefits. In other words, Plaintiff is in the same position as he would have been had the Plan issued the Forfeiture Notice on or before February 28, 2022, as Plaintiff claims it was required to do. *See* ECF No. ¶ 23. Plaintiff has suffered no prejudice from any technical violation of the claims procedures.[5]

Plaintiff does not even attempt to plead futility as a basis for his failure to exhaust his administrative remedies. Regardless, "bare allegations of futility" would be insufficient; he must make a "clear and positive showing of futility" before suspension of the exhaustion requirement is appropriate. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006). Plaintiff cannot make such a showing where, as here, the Forfeiture Notice and the Plan provide adequate administrative remedies for Plaintiff to appeal the forfeiture determination. Specifically, the Forfeiture Notice explains that Plaintiff has 60 days from the date of receipt of the Notice to submit

---

[5] Any technical violation of the claims procedures related to the Suspension Notice has no bearing whatsoever on the Plan's decision to deny any future payments after the date of the Forfeiture Notice, as explained above. To the extent that Plaintiff disagrees with the denial of future payments, he must exhaust his administrative remedies under the Plan's terms before seeking court intervention. It is undisputed that he has failed to do so.

his appeal to the Plan's Administrative Committee. SOF ¶ 19. Thereafter, the Administrative Committee will decide the appeal "promptly, and [] provide [Plaintiff] a written decision within 60 days of receipt, unless the Administrative Committee determines that special circumstances require an extension of time to a day no later than 120 days after the receipt" of the appeal. SOF Exhibit 4, Ex. B at 1. If such an extension is required, Plaintiff will be provided a written notice of the extension before the expiration of the initial 60-day period. *Id.* Once the Administrative Committee issues its final written decision, Plaintiff has a right to bring an action in federal court pursuant to Section 502(a)(1)(B) of ERISA. *Id.*

As the Court in *Perrino* commented, "it makes little sense to excuse [a] plaintiff[] from the exhaustion requirement where an employer is technically noncompliant with ERISA's procedural requirements but . . . the plaintiff[] still ha[s] a fair and reasonable opportunity to pursue a claim through an administrative scheme prior to filing suit in federal court." 209 F.3d at 1318. Such is the case here. Because "a reasonable administrative scheme is available" to Plaintiff "and offers the potential for an adequate legal remedy," Plaintiff "must first exhaust the administrative scheme before filing a federal suit." *Id.* (emphasis added).

        **b.**    **Plaintiff Has Had Meaningful Access to the Administrative Review Scheme In Place**

The second recognized exception to the exhaustion requirement—where a claimant is denied meaningful access to the administrative review scheme in place—also does not apply. *Id.* at 1316. Courts have applied this exception in instances where the Plaintiff has been denied access to plan documents describing the claims procedures, including "what remedies the plan made available," and explaining why the claim was denied. *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990). Under such circumstances, the Eleventh Circuit

has concluded that "[w]hen a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures" exhaustion is not required. *Id.*

Unlike in *Curry*, Plaintiff cannot claim that he was denied meaningful access to the claims procedures. Plaintiff's counsel sent the Plan a letter on March 4, 2022 referencing the administrative appeal section of the Plan. SOF ¶ 14. Plaintiff had a copy of the Plan document in his possession and attached it to the Complaint. *See* ECF No. 1, Ex. 1. The review procedures and appeal requirements are clearly outlined in the terms of the Plan. Moreover, in addition to explaining Plaintiff's right to appeal in the Forfeiture Notice, another copy of the Plan was included therewith for Plaintiff's reference. *Id.* ¶ 22. The Forfeiture Notice also provides Plaintiff an explanation as to why his claims are being denied. *Id.* ¶¶ 16-20; SOF Exhibit 4, Ex. B. Plaintiff has been provided the requisite information and the exhaustion requirement should be enforced.

For these reasons, Plaintiff fails to demonstrate that this is one of the extraordinary cases where the exception to administrative exhaustion requirement should apply. Moreover, given that the Plaintiff must (under any circumstances) exhaust the Plan's separate determination that all benefit payments after the date of the Forfeiture Notice are forfeited, judicial economy would be served by dismissal to compel Plaintiff to exhaust his appeal rights with respect to the seven payments that were previously suspended from October 1, 2021 through the date of the April 29, 2022 Forfeiture Notice.

### B.   The Complaint Should Be Dismissed for Failure to State a Claim.

In addition, the Court should dismiss the Complaint because Plaintiff fails to state a claim for viable relief. The core allegation in the Complaint is that the Plan "waive[d] [] its right to dispute, deny, reduce, or otherwise mitigate [Plaintiff's] benefits under the Plan" when it failed to issue a benefit determination not later than 90 days after the receipt of the claim, as required under 29 C.F.R. § 2560.503-1(f)(1). *See, e.g.*, ECF No. 1, ¶ 24. Plaintiff claims, as a result, that he is

automatically entitled to the "[b]enefits payable under the Plan," namely "monthly payments in the amount of $53,214.67 for a period of five years." *Id.* ¶ 32, Prayer for Relief. The Court should dismiss the Complaint and its claim for relief for failure to state a claim.

Eleventh Circuit law dictates that the appropriate remedy for technical non-compliance with the claims regulations related to a denial of benefits—as Plaintiff claims occurred here—is to toll the time limits for administrative appeal and "remand to the plan administrator for an out-of-time administrative appeal." *See, e.g.*, *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Fla. Health Scis. Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 12 (11th Cir. 2012) ("A Plan Administrator's failure to follow designated procedures in providing a claimant notice of a benefits denial does not excuse exhaustion of administrative remedies but rather **requires** the district court to remand to the plan administrator 'for an out-of-time administrative appeal.'" There are numerous reasons for this rule: "Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision making process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated." *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985). The Court should reject Plaintiff's desire for premature judicial intervention in the Plan's decision making process here.

Moreover, contrary to Plaintiff's assertion, technical noncompliance with ERISA procedural regulations does not eliminate the Plan's ability to make an adverse benefits determination, or even the effect of the deference owed to that decision. *O.D. v. Jones Lang Lasalle Medical PPO Plus Plan*, 772 Fed. App'x. 800, 805 (11th Cir. 2019). Rather, the Eleventh Circuit treats such "procedural errors . . . as 'merely a factor for the district court to take into account when

-13-

determining whether an administrator's decision is arbitrary and capricious.'" *Id.* (quoting *Doyle v. Liberty Life Assur. Co. of Bos.*, 542 F.3d 1352, 1360 (11th Cir. 2008)). There is no caselaw or support under ERISA that a participant is entitled to benefits by default simply because of technical non-compliance with ERISA's notice requirements. To the extent that Plaintiff is seeking such relief through this lawsuit rather than appealing through the Plan's procedures, the Court should dismiss the Complaint for failure to state a claim.

### C. The Plan Is Entitled To Recover Its Attorneys' Fees And Costs Incurred In Dsimissing Plaintiff's Claim.

If the Court grants the Plan's motion on any basis presented herein, the Plan is entitled to its attorneys' fees and costs incurred in achieving dismissal of Plaintiff's claim under Section 502(g) of ERISA, which provides: "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). A party need only achieve "some success on the merits" to be eligible for an award of attorneys' fees under Section 502(g). *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). A party satisfies this requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a central issue." *Id.* Courts in other Circuits have held previously that dismissal of a claim—as the Plan has requested here—constitutes "some degree of success on the merits." *See, e.g.*, *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 153–155 (2d Cir. 2013) (Employer achieved "some degree of success on the merits" through dismissal of Insurer's cross-claim against it, and district court erred in classifying this success as merely procedural.); *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical Coll. of Wisc.*, 657 F.3d 496, 501, 506 (7th Cir. 2011) (holding that defendants had "met their initial burden of establishing

-14-

'some degree of success on the merits'" under *Hardt* when the district court dismissed some of plaintiff's claims for failure to state a claim); *Spath v. Standard Ins. Co.*, 151 F. Supp. 3d at 973 (W.D. Mo. 2016) (awarding fees under 502(g) of ERISA following dismissal for failure to exhaust administrative remedies). Accordingly, the Plan should be awarded its fees and expenses incurred in achieving dismissal of Plaintiff's claim.

V.     **CONCLUSION**

This case should not be in federal court at this stage. The Plan has a defined claims procedure, and the Plan provided written notice that Plaintiff has 60 days to appeal both: (1) the decision to forfeit payments from October 1, 2021 through April 29, 2022; and (2) the decision to deny all payments since the date of the April 29, 2022 Forfeiture Notice. Plaintiff's claim related to technical non-compliance related to the suspended payments does not excuse administrative exhaustion of that decision and the appropriate remedy is to remand to the claims procedure. Accordingly, the Court should dismiss the Complaint for failure to exhaust administrative remedies, or in the alternative, for failure to state a viable claim for relief. In addition, the Court should award the Plan its fees and costs incurred in obtaining dismissal of Plaintiff's claim.

Dated: this 31st day of May, 2022.

> Respectfully submitted,
> **NELSON MULLINS RILEY & SCARBOROUGH LLP**
> *Counsel for Defendant*
> 1905 N.W. Corporate Blvd., Suite 310
> Boca Raton, Florida 33431
> P:  561-483-7000 | F:  561-483-7321
>
> By:     */s/ T.W. Anderson*
>           **Terrance W. Anderson, Jr., Esq.**
>           Florida Bar No. 27426
>           TW.Anderson@nelsonmullins.com
>           Jenny.Sica@nelsonmullins.com
>
>           and

-16-

**Patrick W. Spangler, Esq.**, *admitted pro hac vice*
**Allison E. Czerniak, Esq.**, *admitted pro hac vice*
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: (312) 609-7500 | F: (312) 609-5005

VP/#56421560.2