# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MICHAEL LANDA,

    Plaintiff,

v.

AON CORPORATION EXCESS
BENEFIT PLAN, AS AMENDED AND
RESTATED AS OF JANUARY 1, 2009,

    Defendants.

_____/

CASE NO. 22-cv-21091-Bloom

Civil Division

## STATEMENT OF MATERIAL FACTS

Defendant Aon Corporation Excess Benefit Plan (the "Plan"), by and through its attorneys and pursuant to Local Rule 56.1, hereby files this Statement of Material Facts in support of its Motion to Dismiss or for Summary Judgment in the Alternative:

1. The Plan is a Supplemental Executive Retirement Plan ("SERP"), which is an unfunded deferred compensation plan for select group of Aon management or highly compensated employees for the purpose of supplementing existing retirement benefits. ECF No. 1, ¶ 10.[1]

2. This type of plan is often referred to a "top hat" plan. *Id.*

3. Aon established the Plan, effective January 1, 1989, and has since amended the Plan as recently as January 1, 2009. *Id.* ¶ 9.

4. As an Executive Vice President with Aon, Plaintiff was a participant in the Plan. *Id.* ¶¶ 12-13.

---

[1] The Plan accepts as true the well-pleaded allegations of the Complaint for purposes of this motion only.

5. The Plan states that a participant may become ineligible to receive payments under the Plan if the participant engages in certain conduct—namely, soliciting Aon employees to work at another employer, competing with Aon, disclosing Aon's trade secrets and confidential information, or harming Aon's reputation, goodwill, or commercial interests. *See* ECF No. 1, Ex. 1 at Section 4.4(b).

6. Plaintiff resigned from Aon in June 2021. ECF No. 1, ¶ 14.

7. On June 24, 2021, Aon initiated litigation in the Circuit Court for Miami-Dade County against Plaintiff, Marsh USA, and several other Aon executives (the "Marsh Litigation"). A true and correct copy of the Verified Amended Complaint publicly filed in *Aon v. Marsh et. al* is attached hereto as Exhibit 1; A true and correct copy of Plaintiff's Emergency Petition for Temporary Restraining Order and Preliminary Injunction publicly filed in *Aon v. Marsh et. al* is attached hereto as Exhibit 2.

8. Aon's amended verified complaint and motion for temporary restraining order alleged various breach of contract claims (including breach of employee and customer non-solicit provisions, and non-disclosure obligations), and breach of the duty of loyalty claims against Plaintiff, as an individual. *See generally* Exhibits 1 & 2.

9. Plaintiff's employment with Aon was terminated, effective September 8, 2021. ECF No. 1, ¶ 14.

10. In November 2021, Plaintiff completed benefit forms to allow him to start receiving his benefits under the Plan. *Id.* ¶¶ 15, 18-19.

11. The Plan provided Plaintiff notice that his monthly benefit was $53,214.67 paid over five years. *Id.* ¶ 16.

12. On November 30, 2021, the Plan notified Plaintiff that his benefits were "suspended, effective immediately pending review of [his] potential violation(s) of the Plan's prohibitions on competitive activity (Section 4.4(b) of the Plan)" ("Suspension Notice"). *Id.* ¶ 20; *see also* ECF No. 1, Ex. 2. The Suspension Notice further informed Plaintiff that he would be "notified of the determination upon completion of this review." *Id.*

13. On February 2, 2022, Aon, Plaintiff, and the other parties to the Marsh Litigation filed a joint stipulation of dismissal with prejudice. A true and correct copy of the *Aon v. Marsh et. al* Order approving the joint stipulation of dismissal with prejudice is attached as Exhibit 3.

14. On March 4, 2022, counsel for Plaintiff sent a letter to the Plan claiming that the Suspension Notice failed to include information required by Section 6.3(b) of the Plan and 29 C.F.R. § 2560-503-1(f)(1), and demanding payment of the amounts he would have received from October 2021 through March 4, 2022. ECF No. 1, ¶ 25.

15. On April 11, 2022, Plaintiff filed the instant lawsuit claiming entitlement to benefits under the terms of the Plan. *See generally id.*

16. On April 29, 2022, the Plan issued a Forfeiture Notice stating that the Plan determined that Plaintiff had violated Section 4.4(b)(i)-(iii) of the Plan prior to October 1, 2021. *See* May 31, 2022 Declaration of Patrick Spangler, attached hereto as Exhibit 4, Ex. B.

17. The Forfeiture Notice stated that the Plan determined that Plaintiff was not eligible to receive payments that were previously suspended from October 1, 2021 through April 29, 2022. Exhibit 4, Ex. B at 1.

18. The Plan also independently determined that Plaintiff was not eligible to receive payments after April 29, 2022 due to Plaintiff's violations of Section 4.4(b)(i)-(iii) of the Plan. *Id.*

19. The Forfeiture Notice states that Plaintiff has 60 days to appeal the Plan's decision regarding previously suspended payments from October 1, 2021, through the date of the Notice. *Id.*

20. The Forfeiture Notice also states: "This notice of forfeiture of benefits under the Plan constitutes a denial of any claims you make under the Plan, pursuant to Section 6.3(b) of the Plan. Section 6.3(c) of the Plan does allow you to appeal this decision. To do so, a written notice must be submitted to the Administrative Committee of the [Plan] within 60 days of receipt of this letter." *Id.*

21. The Forfeiture Notice informed Plaintiff: "you must exhaust all administrative remedies, including your right to appeal, before seeking any legal recourse in court," but "[i]f the Administrative Committee denies your appeal, you have a right to bring a civil action in federal court pursuant to Section 502(a)(1)(B) of ERISA." *Id.*

22. The Forfeiture Notice included a copy of the Plan *See* Exhibit 4, at Ex. B.

23. Counsel for the Plan also contacted Plaintiff's counsel by letter dated April 29, 2022, stating that the "allegation in the Compliant that technical non-compliance with the claims regulations related to a benefit denial somehow defaults to an award of benefits is not consistent with established caselaw." Exhibit 4, Ex. C at 1.

24. The April 29, 2022 Letter cited numerous Eleventh Circuit cases, stating that the exhaustion requirements for ERISA claims are not excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure. *Id.* at 1-2.

25. The April 29, 2022 Letter stated:

> Given that the [Forfeiture] Notice allows Landa to appeal the forfeiture of all payments that would have otherwise been paid since October 1, 2021, there is no prejudice to Landa and he has a full and fair opportunity to appeal all aspects of the

> [Forfeiture] Notice. Moreover, the Plan's decision to deny all payments after the date of the Notice is an independent benefit determination which is subject to the Plan's appeal provisions. To the extent that Landa seeks to file a civil action to recover payments beyond the date of the Notice, he has failed to exhaust his administrative remedies under the Plan's terms and his argument about technical non-compliance related to the [Suspension Notice] has no bearing on that requirement.

*Id.* at 2.

26. The April 29, 2022 Letter encouraged Plaintiff to "dismiss the Complaint without prejudice and pursue his administrative remedies under the Plan without requiring the Plan to file a motion to dismiss for failure to exhaust administrative remedies." *Id.*

27. On May 4, 2022, Plan counsel inquired about a voluntary dismissal of the case by Plaintiff. Counsel for Plaintiff responded on May 9, 2022 and declined to voluntarily dismiss the case, stating: "our position remains that Aon waived the right to dispute or deny Mr. Landa's benefits under the [Plan], and Aon's untimely April 29, 2022 determination letter does not remedy the waiver." Exhibit 4, Ex. D.

Dated: this 31st day of May, 2022.

    Respectfully submitted,
    **NELSON MULLINS RILEY & SCARBOROUGH LLP**
    *Counsel for Defendant*
    1905 N.W. Corporate Blvd., Suite 310
    Boca Raton, Florida 33431
    P: 561-483-7000 | F: 561-483-7321

    By: */s/ T.W. Anderson*
        **Terrance W. Anderson, Jr., Esq.**
        Florida Bar No. 27426
        TW.Anderson@nelsonmullins.com
        Jenny.Sica@nelsonmullins.com

    and

    **Patrick W. Spangler, Esq.**, *admitted pro hac vice*
    **Allison E. Czerniak, Esq.**, *admitted pro hac vice*
    Vedder Price P.C.
    222 North LaSalle Street

Chicago, Illinois 60601
T: (312) 609-7500 | F: (312) 609-5005

VP/#56474871.1