UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. 22-cv-21091-BLOOM/Otazo-Reyes

MICHAEL LANDA,

     *Plaintiff*,

v.

AON CORPORATION EXCESS
BENEFIT PLAN, AS AMENDED AND
RESTATED AS OF JANUARY 1, 2009,

     *Defendant*.

_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

     Plaintiff Michael Landa ("Plaintiff" or "Landa"), pursuant to S.D. Fla. L.R. 56.1 and Rule 56(c) of the Federal Rules of Civil Procedure, hereby submits his Statement of Material Facts consisting of (1) Plaintiff's response and objections to Defendant's Statement of Material Facts ("Defendant's Facts") (ECF No. 16) and (2) Plaintiff's Statement of Additional Material Facts, and states as follows:

**I.**     **Response and Objections to Defendant's Statement of Material Facts**

     The following paragraphs correspond to the numbered paragraphs in Defendant's Facts:

     1.     Undisputed.

     2.     Undisputed

     3.     Undisputed that Aon established the Plan effective January 1, 1989.

Disputed in part.  Although Aon amended and restated the Supplemental Executive Retirement Plan ("Plan") effective January 1, 2009, further amendments were made to the Plan as recently as December 27, 2019.   *See* ECF No. 1-1 at 19-30 (attaching "First Amendment to the Aon Corporation Excess Benefit Plan As Amended and Restated as of January 1, 2009", "First (sic) Amendment to the Amended and Restated Aon Corporation Excess Benefit Plan", "Third Amendment to the Aon Excess Benefit Plan", and "Fourth Amendment to the Aon Excess Benefit Plan").

      4.      Undisputed.

      5.      Undisputed that the Plan contains forfeiture provisions.

Disputed that the determination that Plaintiff was ineligible for Plan benefits complied with the Plan requirements.  *See* ECF No. 1-1 at 10, Section 4.4(b); *see also,* Plaintiff's Additional Facts, *infra,* ¶¶ 47-49.

      6.      Undisputed.

      7.      Undisputed that the Marsh Litigation was commenced against Plaintiff, Plaintiff's new employer and twelve other former senior executives and employees of Aon.

Disputed that the referenced filings from the Marsh Litigation (Verified Amended Complaint, the Emergency Petition for Temporary Restraining Order, and Order Approving and Adopting Joint Stipulation of Dismissal with Prejudice) are material or relevant to the issues before the Court, or constitute admissible evidence.

The Marsh Litigation pleadings do not prove conduct by Landa in violation of Section 4.4 of the Plan, nor are they admissible evidence. Statements in prior pleadings are admissible only for impeachment.  *Rowe v. U.S. Bancorp,* 569 F. App'x 701, 703 (11th Cir. 2014) ("We've held that statements in prior pleadings are admissible evidence if the pleadings indicate that the party

against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.") (citations omitted).  Neither the Complaint, the Emergency Petition for Temporary Restraining Order (dated June 24, 2021), nor the Order Approving and Adopting Joint Stipulation of Dismissal with Prejudice (dated May 31, 2022) contain any statements **by Landa** inconsistent with positions taken by Plaintiff in the instant litigation.  In fact, Landa expressly denied any wrongdoing in his responsive pleadings in the Marsh Litigation.  *See* Defendants Michael Parrish, Michael Landa, and Giselle Lugones' Omnibus Answer and Affirmative Defenses to Plaintiff's Verified Amended Complaint and Counterclaim filed in the Marsh Litigation on October 14, 2021, ¶¶ 108, 118, 136-141, 148, 174-177, 219-237.  A copy of the Answer, Affirmative Defenses, and Counterclaim is attached as Exhibit 1.

Plaintiff further disputes Defendant's Fact ¶ 7 because it is not supported by pinpoint citations as required by S.D. Fla. L.R. 56.1(b)(1)(B).

8.    Undisputed that the amended complaint in the Marsh Litigation *alleged* breaches by Plaintiff Landa, but those allegations were unqualifiedly denied by Plaintiff Landa.  *See* Defendants Michael Parrish, Michael Landa, and Giselle Lugones' Omnibus Answer and Affirmative Defenses to Plaintiff' Verified Amended Complaint filed in the Marsh Litigation on October 14, 2021, *see, e.g.*, ¶¶ 108, 118, 136-141, 148, 174-177, 219-237.  A copy of the Answer and Affirmative Defenses is attached as Exhibit 1.

Disputed that the referenced filings from the Marsh Litigation (Verified Amended Complaint, the Emergency Petition for Temporary Restraining Order, and Order Approving and Adopting Joint Stipulation of Dismissal with Prejudice) are material or relevant to the issues before the Court, or constitute admissible evidence.  The Marsh Litigation pleadings do not prove conduct by Landa in violation of Section 4.4 of the Plan, nor are they admissible evidence.  Statements in

prior pleadings are admissible only for impeachment. *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) ("We've held that statements in prior pleadings are admissible evidence if the pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.") (citations omitted). The amended complaint does not contain any statements ***by Landa*** inconsistent with positions taken in the instant litigation.

Plaintiff further disputes Defendant's Fact ¶ 8 because it is not supported by pinpoint citations as required by S.D. Fla. L.R. 56.1(b)(1)(B).

9.      Undisputed that Plaintiff's resignation (and termination of his employment) became effective on September 8, 2021.

10.     Undisputed.

11.     Undisputed. The November 2021 notice advised that Plaintiff's monthly benefits in the amount of $53,214.67 would begin on October 1, 2021.

12.     Undisputed that the November 30, 2021 letter contains the stated language. Disputed that the November 30, 2021 letter complies with Section 6.3(b) of the Plan. *See* Plaintiff's Additional Facts, *infra,* ¶¶ 37-40.

13.     Undisputed that the parties executed a joint stipulation of dismissal with prejudice to resolve the claims in the Marsh Litigation, including the counterclaim asserted by Landa and the other defendants in the Marsh Litigation. *See* ECF No. 16-3 at 2, ¶ 2 ("All claims pending in this action are hereby DISMISSED WITH PREJUDICE, including Aon's Amended Complaint filed October 4, 2021; Marsh and the Individual Defendants' Counterclaim filed October 14, 2021 and Amended Counterclaim filed November 2, 2021.").

Disputed that the joint stipulation of dismissal with prejudice of the Marsh Litigation is material or relevant to the issues before the Court, or constitutes admissible evidence. Statements in prior pleadings are admissible only for impeachment. *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) ("We've held that statements in prior pleadings are admissible evidence if the pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.") (citations omitted). The joint stipulation of dismissal does not contain any statements by Landa inconsistent with positions taken in the instant litigation. *See* ECF No. 16-3 at 2.

14.     Undisputed.

15.     Undisputed.

16.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Forfeiture Notice complies with the requirements of 29 C.F.R. § 2560.503-1(g) in that the Notice did not contain the specific reason or reasons for the denial. *See* ECF No. 16-4, Exhibit B; ECF No. 1-1 at 10, Section 4.4(b); *see also,* Plaintiff's Additional Facts, *infra,* ¶¶ 47-49.

17.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Forfeiture Notice complies with the requirements of 29 C.F.R. § 2560.503-1(g) in that the Notice did not contain the specific reason or reasons for the denial. *See* ECF No. 16-4, Exhibit B; ECF No. 1-1 at 10, Section 4.4(b); *see also,* Plaintiff's Additional Facts, *infra,* ¶¶ 47-49.

18.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Forfeiture Notice complies with the requirements of 29 C.F.R. § 2560.503-1(g) in that the Notice did not contain the specific reason or reasons for the

denial or for a determination of a breach precluding Plan benefits after April 29, 2022. *See* ECF No. 16-4, Exhibit B; ECF No. 1-1 at 10, Section 4.4(b); *see also,* Plaintiff's Additional Facts, *infra,* ¶¶ 47-49.

19.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Plan could require an appeal of the Forfeiture Notice after Plaintiff had already filed suit. *See* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant ***shall*** be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a)."; *see also Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of the "deemed exhausted" regulation and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

20.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Plan could require an appeal of the Forfeiture Notice after the Plaintiff had already filed suit. *See* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant ***shall*** be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a)."; *see also Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of the "deemed exhausted" regulation and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

21.     Undisputed that the Forfeiture Notice contains the stated language.

Disputed that the Plan could require an appeal of the Forfeiture Notice after the Plaintiff had already filed suit. *See* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant ***shall*** be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a)."; *see also Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of the "deemed exhausted" regulation and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

22.     Undisputed.

23.     Undisputed that Aon's counsel contacted Plaintiff's counsel by letter dated April 29, 2022.

Disputed that the April 29, 2022 correspondence from counsel is material or relevant to the issues before the Court, or constitutes admissible evidence.  Argument of counsel is not admissible evidence.  *M Ship Co. v. Ice Marine Ltd.*, 2008 WL 11403231, at *8 (S.D. Fla. Nov. 21, 2008) ("[A]ttorney arguments are insufficient to overcome a motion for summary judgment.") (quoting *Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006)).  Plaintiff further disputes that the Eleventh Circuit case law cited in counsel's April 29, 2022 is controlling for the reasons set forth in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or For Summary Judgment in the Alternative at pp. 7-9 (filed contemporaneously herewith).

24.     Undisputed that Aon's counsel contacted Plaintiff's counsel by letter dated April 29, 2022 and cited several authorities.

Disputed that the April 29, 2022 correspondence from counsel is material or relevant to the issues before the Court, or constitutes admissible evidence.  Argument of counsel is not admissible

evidence.  *M Ship Co. v. Ice Marine Ltd.*, 2008 WL 11403231, at *8 (S.D. Fla. Nov. 21, 2008)

("[A]ttorney arguments are insufficient to overcome a motion for summary judgment.") (quoting

*Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006)).  Plaintiff further disputes

that the Eleventh Circuit case law cited in counsel's April 29, 2022 is controlling for the reasons

set forth in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or For Summary

Judgment in the Alternative at pp. 7-9 (filed contemporaneously herewith).

      25.     Undisputed that Aon's counsel contacted Plaintiff's counsel by letter dated

April 29, 2022 and that the April 29, 2022 Letter contains the stated language.

      Disputed that the April 29, 2022 correspondence from counsel is material or relevant to the

issues before the Court, or constitutes admissible evidence.  Argument of counsel is not admissible

evidence.  *M Ship Co. v. Ice Marine Ltd.*, 2008 WL 11403231, at *8 (S.D. Fla. Nov. 21, 2008)

("[A]ttorney arguments are insufficient to overcome a motion for summary judgment.") (quoting

*Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006)).  Plaintiff further disputes

that the Plan could require an appeal of the Forfeiture Notice after the Plaintiff had already filed

suit.  *See also,* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the

failure of a plan to establish or follow claims procedures consistent with the requirements of this

section, a claimant ***shall*** be deemed to have exhausted the administrative remedies available under

the plan and shall be entitled to pursue any available remedies under section 502(a)."; *see also*

*Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of

the "deemed exhausted" regulation and refusing to require the plaintiff to comply with

administrative procedures adopted after suit had been filed).

      26.     Undisputed that Aon's counsel contacted Plaintiff's counsel by letter dated

April 29, 2022.

Disputed that the April 29, 2022 correspondence from counsel is material or relevant to the issues before the Court, or constitutes admissible evidence.  Argument of counsel is not admissible evidence.  *M Ship Co. v. Ice Marine Ltd.*, 2008 WL 11403231, at *8 (S.D. Fla. Nov. 21, 2008) ("[A]ttorney arguments are insufficient to overcome a motion for summary judgment.") (quoting *Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006)).  Plaintiff further disputes that the Plan could require an appeal of the Forfeiture Notice after the Plaintiff had already filed suit.  *See* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant ***shall*** be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a)."; *see also Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of the "deemed exhausted" regulation and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

27.    Undisputed that Aon's counsel contacted Plaintiff's counsel by email on May 4, 2022 and that Plaintiff declined to voluntarily dismiss the action.

Disputed that the April 29, 2022 correspondence from counsel is material or relevant to the issues before the Court, or constitutes admissible evidence.  Argument of counsel is not admissible evidence.  *M Ship Co. v. Ice Marine Ltd.*, 2008 WL 11403231, at *8 (S.D. Fla. Nov. 21, 2008) ("[A]ttorney arguments are insufficient to overcome a motion for summary judgment.") (quoting *Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006)).  Plaintiff further disputes that the Plan could require an appeal of the Forfeiture Notice after the Plaintiff had already filed suit. *See* ERISA Regulation § 2560.503-1, 29 C.F.R. § 2560.503-1(l)(1) ("in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section,

a claimant *shall* be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a).”; *see also Eastman Kodak v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of the “deemed exhausted” regulation and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

## II.  Plaintiff's Statement of Additional Material Facts

28.    Michael Landa was employed by Aon Risk Services, Inc. of Florida (“ARS Florida”) for over 25 years. At the time of his resignation, Mr. Landa was an Executive Vice President of ARS Florida.  Plaintiff was an eligible participant and Member of the Aon Corporation Excess Benefit Plan as Amended and Restated as of January 1, 2009.  Declaration of Michael Landa (“Landa Declaration”), ¶ 2.  The Landa Declaration is attached as Exhibit 2.

29.    Mr. Landa resigned June 10, 2021.  His employment agreement with ARS Florida had a 90-day notice of termination clause, so Plaintiff's employment was not deemed terminated until September 8, 2021.  Landa Declaration, ¶¶ 2, 3.

30.    On October 11, 2021, Aon sent Plaintiff a “Excess Benefit Plan Payment Notice.” (The “Plan Payment Notice”).  Landa Declaration, ¶ 5 and Exhibit A thereto.

31.    The Plan Payment Notice states that “because you are no longer employed by Aon Corporation the pension SERP requires that you begin receiving payments on October 1, 2021, the month after you terminate employment.”  Landa Declaration, ¶ 6 and Exhibit A thereto.

32.    The Payment Plan Notice included a pension calculation statement indicating how the Plan benefits were calculated and indicating the number and amount of the benefit payments, as well as direct deposit, tax withholding, and beneficiary designation forms for the benefit payments. Landa Declaration, ¶ 6 and Exhibit A thereto.

33.     On November 2, 2021, Plaintiff mailed the completed forms provided by Defendant for commencement of benefits under the Plan.  Landa Declaration, ¶ 7.

34.     On November 3, 2021, Landa received an Excess Benefit Plan FICA Notice advising that his Plan benefits payments would be subject to FICA taxes.  Landa Declaration, ¶ 8 and Exhibit B thereto.

35.     Aon confirmed the scheduled payments to Landa in two calls he made to the company.  During the first call, on November 8, 2021, the Plan confirmed to Landa that the Plan payments would commence on December 1, 2021, retroactive to October 1, 2021.  That is, he would receive his Plan benefit payments for October, November, and December 2021 on December 1, 2021.   Landa Declaration, ¶ 9.   Landa placed a second call to the Plan on December 1, 2021 to confirm payment of the Plan benefits.  An Aon representative confirmed that the Plan payment would be subject to FICA withholding.  Landa's call was then transferred to the Aon Corporation payroll department where he was advised that the payroll department received instructions on November 18th to process the Plan benefit payments.  *Id*. at ¶ 10.

36.     Defendant sent Landa a letter via Federal Express dated November 30, 2021 (the "November Suspension Letter"), stating that payment of Plaintiff's benefits were indefinitely "suspended, effective immediately" due to a "pending review of [his] potential violation(s) of the Plan's prohibitions on competitive activity (Section 4.4(b) of the Plan)."  *See* ECF No. 1-2.  Landa was not aware of, nor had he received the November Suspension Letter when he called Defendant on December 1, 2021 to confirm that the Plan payments were being processed for payment that day (on December 1, 2021).  Landa Declaration, ¶¶ 11-12 and Exhibit C thereto.

37.     The Plan states that written notice of denial of Plan benefits must be provided to the claimant within 90 days after the Plan Administrative Committee receives the claim.  ECF No. 1-1 at 28, Section 6.3(b).

38.     The November Suspension Letter further stated, "You will be notified of the determination upon completion of this review."  *See* ECF No. 1-2 (also attached as Landa Declaration Exh. C).

39.     The November Suspension Letter did not contain language denying Plan benefits. *See* ECF No. 1-2.

40.     The November Suspension Letter did not contain any language advising Plaintiff of the 90-day deadline for Defendant to make a benefit determination.  *See* ECF No. 1-2; ECF No. 1-1 at 28, Section 6.3(b).

41.     The November Suspension Letter did not provide a date by which Aon expected to render a benefit determination.  *See* ECF No. 1-2; ECF No. 1-1 at 28, Section 6.3(b).

42.     Aon did not issue a determination of benefits within 90 days from the November Suspension Letter.  *See* ECF No. 1-1 at 28, Section 6.3(b); Landa Declaration, ¶ 14.

43.     Aon did not request an extension of the 90-day benefit determination period, and did not communicate with the Plaintiff regarding his Plan benefits between November 30, 2021 through April 28, 2022.  Landa Declaration, ¶ 14.

44.     On March 4, 2022, counsel for Landa sent a letter to Defendant demanding payment of currently due and past due Plan benefits.  *See* ECF No. 1-3.  Aon did not respond to this letter.  Landa Declaration, ¶ 15.

45.     Plaintiff filed the present litigation on April 11, 2022.  ECF No. 1-1.

46.     The Forfeiture Notice, dated April 29, 2022, was transmitted to and received by Landa after the present action was filed.  *Compare* ECF No. 16-4, Exhibit B, *with* ECF No. 1. Landa Declaration, ¶¶ 17-18.

47.     The forfeiture determination must be made "in the sole judgment of the Chief Executive Officer of the Company, after reasonable investigation" that the participant has breached any of the forfeiture provisions set forth in Section 4.4(b) of the Plan.  *See* ECF No. 1-1 at 10, Section 4.4(b).

48.     The Plan provides further:

If the claim is denied, written notice of the denial will include, in a manner calculated to be understood by the claimant, the following:

    (i)     The specific reason or reasons for the denial;

    (ii)    Specific reference to pertinent [Plan] provisions on which the denial is based;

    (iii)   A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

    (iv)    An explanation of the claim review procedure.

*See* ECF No. 1-1 at 28, Section 6.3(b).

49.     The Forfeiture Notice did not contain the specific reason or reasons for the denial of Plaintiff's Plan benefit.  *See* ECF No. 16-4, Exhibit B.  Landa Declaration, ¶ 18.

Dated: June 24, 2022                     **CARLTON FIELDS, P.A.**

                                         By:   /s/  *Irma Reboso Solares*
                                               Steven J. Brodie (FBN 333069)
                                               sbrodie@carltonfields.com
                                               Irma Reboso Solares (FBN 797073)
                                               isolares@carltonfields.com
                                               Carlton Fields, P.A.
                                               2 MiamiCentral, Suite 1200
                                               700 N.W. 1st Avenue
                                               Miami, Florida 33131-2113
                                               Telephone:  (305) 530-0050
                                               Facsimile:   (305) 530-0055


## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk

of the Court using CM/ECF.

                                         /s/ *Irma Reboso Solares*
                                         Irma Reboso Solares


129891073.4

14