UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL LANDA,

    Plaintiff,

v.

AON CORPORATION EXCESS
BENEFIT PLAN, AS AMENDED AND
RESTATED AS OF JANUARY 1, 2009,

    Defendants.
_____/

CASE NO. 22-cv-21091-Bloom

Civil Division

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT IN THE ALTERNATIVE**

Defendant, Aon Corporation Excess Benefit Plan ("Defendant" or the "Plan"), by and through its attorneys and pursuant to Rule 12(b)(6) and/or Rule 12(d), hereby submits this Reply in Support of its Motion to Dismiss the Complaint filed by Plaintiff Michael Landa ("Plaintiff" or "Landa"), or for Summary Judgment in the Alternative ("Motion").

**ARGUMENT**

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

    **A.    There Is No Basis To Excuse Plaintiff From Exhausting His Administrative Remedies With Respect To The Decision To Forfeit Benefits After The Date Of The Forfeiture Notice.[1]**

As explained on pages 7-8 of the Plan's Opening Brief, the Court should dismiss Plaintiff's claim as it relates to future SERP benefits after the April 29, 2022 Forfeiture Notice. Under the terms of the SERP, the participant's benefit is a stream of monthly payments, and the Plan must

---

[1] All capitalized terms in this Reply brief are to have the same meaning as defined in the Plan's Opening Brief in support of the Motion.

periodically review Plaintiff's compliance with Section 4.4 of the Plan ("Forfeiture of Payments Under Certain Circumstances"). Under Section 4.4 of the Plan, the Plan can determine at any point during the benefits period that the "Member's right to receive any payments under [the Plan] shall be forfeited" and can issue an independent adverse benefit determination on that basis. ECF No. 1-1 at 10. The Plan did exactly that here. The Plan determined Plaintiff was not entitled to any benefits after April 29, 2022, and it communicated that decision in the Forfeiture Notice as a separate and independent adverse benefit determination.

The Plan complied with the ERISA regulations in making this independent adverse determination in the Forfeiture Notice. The Forfeiture Notice complies with ERISA and all technical requirements contained in the Department of Labor's ("DOL") claims regulations. Aside from a throw-away comment that the Forfeiture Notice did not contain the specific reasons for the denial, *see* ECF No. 21 at 5, Plaintiff does not contest this point. And, in any event, Plaintiff's argument that the Forfeiture Notice should have provided more detailed "specific reasons" does not entitle Plaintiff to bypass the Plan's administrative process.

As a threshold issue, the Eleventh Circuit requires only "substantial compliance," which only requires "a statement of reasons that, under the circumstances of the case, permit a sufficiently clear understanding of the administrator's position to permit effective review." *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Bojorquez v. E.F. Johnson Co.*, 315 F. Supp. 2d 1368, 1373 (S.D. Fla. 2004). Here, the Forfeiture Notice *does* provide the reasons for the denial: the Chief Executive Officer determined that Plaintiff was in violation of Sections 4.4(b)(i)-(iii) of the Plan. *See* ECF No. 16 at 3, ¶ 16; ECF No. 22 at 5, ¶ 16. The regulation does not require a multi-page explanation of each and every piece of information supporting the denial and how it was considered. Instead, to the extent that Plaintiff seeks to understand the documents or

information on which this decision was made, ERISA allows him to request a copy of all materials on which the decision is based. *See* 29 C.F.R. § 2560.503-1(h). Plaintiff has not exercised this right. He chooses instead to bury his head in the sand and claim he has no idea why the Plan denied his SERP benefits—despite the Plan informing him in writing that the CEO determined he violated the competition, non-solicit, and non-disclosure provisions of the Plan following eight (8) months of injunction-related litigation between himself, Aon Corporation, and his subsequent employer. *See* ECF No. 16 at 3-5, ¶¶ 15, 23, 26-27; ECF No. 22 at 5-9, ¶¶ 15, 23, 26-27. However, even if the Forfeiture Notice did not meet the "substantial compliance" standard, Plaintiff's remedy "is not excusal from the exhaustion requirement, but remand to the plan administrator for an out-of-time administrative appeal." *Counts*, 111 F.3d at 108; *Bojorquez*, 315 F. Supp. 2d at 1373.[2]

As explained in the Plan's Opening Brief, the Eleventh Circuit strictly applies the exhaustion requirement as a prerequisite to any lawsuit. *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) ("[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court."). Plaintiff articulates no viable reason why he should be excused from exhausting his administrative remedies with respect to the Plan's denial of SERP benefit payments after April 29, 2022. Nor does Plaintiff contest that the Plan has the ability to issue a new adverse benefit determination pursuant to Section 4.4(b) of the Plan at any time with respect ongoing payments based on information it receives, which in this case came in the form of information received in discovery in an ongoing litigation proceeding directly relevant to that determination. As explained in the Plan's Opening Brief, Plaintiff's allegations regarding the Plan's technical non-compliance with respect to the Suspension Notice do not excuse his

---

[2] In addition to making a request for the administrative claim file upon which the Plan's decision was based, Plaintiff could also request further detail from the Plan, as other similarly-situated participants have done.

obligation to exhaust his administrative remedies for the Plan's separate, adverse benefit determination in the Forfeiture Notice with respect to SERP benefit payments after April 29, 2022. *See* ECF No. 15 at 7-8. Accordingly, the Court should dismiss this aspect of the Plaintiff's Complaint and require him to exhaust his administrative remedies.

> **B.  Plaintiff Has Not Exhausted His Administrative Remedies Related To Benefits Suspended Between October 1, 2021 and the Forfeiture Notice, And No Exception To The Exhaustion Requirement Recognized By The Eleventh Circuit Applies.**

As explained in the Plan's Opening Brief at pages 7-9, the Eleventh Circuit recognizes only two, narrow exceptions to the exhaustion requirement: (1) "when resort to administrative remedies would be futile or the remedy inadequate"; or (2) "where a claimant is denied meaningful access to the administrative review scheme in place." *Perrino*, 209 F.3d at 1316. Indeed, *Perrino* makes clear that "the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy." *Id.* at 1317.

The undisputed facts show that Plaintiff did not exhaust his administrative remedies prior to filing this federal lawsuit. Further, for the reasons detailed in the Plan's Opening Brief, Plaintiff's claim does not fall within either recognized exception to the exhaustion requirement under *Perrino*. *See* ECF No. 15 at 10-12. The Plan has adopted a compliant claims procedure, of which Plaintiff has been fairly apprised, and Plaintiff has failed to allege any facts explaining why pursuing the Plan's administrative remedies would be futile or inadequate. Further, Plaintiff has suffered no prejudice from any technical violation of the claims procedures, including the Plan's Suspension Notice determination related to benefits from October 1, 2021-April 29, 2022, because the Forfeiture Notice specifically allowed Plaintiff to appeal the forfeiture of *all* benefit payments, thereby allowing Plaintiff to take an out-of-time appeal on all previously suspended payments as

well as the Plan's independent adverse benefit determination with respect to future payments after April 29, 2022.

Plaintiff argues that this does not qualify as meaningful access to administrative review because it is a "post-suit" administrative remedy. *See* ECF No. 21 at 10. The Court should reject this argument for two reasons. First, Plaintiff could have filed an appeal of the Suspension Notice under the Plan's terms. The Suspension Notice timely put Plaintiff on notice that the Plan suspended benefits and the reason for not paying benefits at that time. In his Response Brief, Plaintiff argues that the Suspension Notice cannot be an adverse benefit determination within the meaning of the regulation. However, the regulation expressly states that "any denial…..[or] any failure to provide to make payment" constitutes an "adverse benefit determination." *See* 25 C.F.R. § 2560-503-1(m)(4). Accordingly, as argued in the Plan's Opening Brief, Plaintiff could have filed an administrative appeal from the Suspension Notice. *See* ECF No. 15 at 4, 8-9. Furthermore, Plaintiff's claim that an appeal of the Suspension Notice would have been futile is "merely speculative because he did not even attempt to pursue the administrative procedure available." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006). Plaintiff does not contend that he was not on notice of the Plan's appeal procedures, which are attached to the Complaint.

Second, as explained below, the Eleventh Circuit has not adopted the line of cases Plaintiff relies upon in arguing that the Plan's "post-suit" administrative scheme is inadequate. *See infra* Argument § I(C). The Eleventh Circuit holds that a claimant will be deemed to have exhausted his administrative remedies only where "'the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." *McCay v. Drummond Co.*, 509 F. App'x 944, 948 (11th Cir. 2013). As the Court explained in *Perrino*, "it makes little sense to excuse [a] plaintiff[] from the exhaustion requirement where an employer is technically noncompliant with

ERISA's procedural requirements but . . . the plaintiff[] still ha[s] a fair and reasonable opportunity to pursue a claim through an administrative scheme . . . ." *Perinno*, 209 F.3d at 1318. Such is the case here. The Plan provided Plaintiff a reasonable claims procedure for appealing the payments subject to the Suspension Notice from October 1, 2021 through April 29, 2022 *and* the independent adverse benefit determination made with respect to going forward payments contained in the Forfeiture Notice. Under such circumstances, Eleventh Circuit law dictates that this federal lawsuit should be dismissed and Plaintiff should be compelled to exhaust his administrative remedies.

        **C.**    ***Perrino* Remains Good Law And Is Binding Authority On This Court.**

In an effort to avoid this outcome, Plaintiff effectively argues on pages 8 and 9 of his Response Brief that *Perrino* has been abrogated by regulation because the "case was decided before the [DOL] amended ERISA Regulation § 2560.503-(1)(l)(1) effective January 20, 2001, which now explicitly provides that administrative remedies under the plan are deemed exhausted if the plan fails to comply with the regulations." ECF No. 21 at 8. This argument fails for several reasons.

First, *Perrino*'s exhaustion doctrine decision does not arise from ERISA's statutory text or its regulations, but instead constitutes judge-made law that is binding in the Eleventh Circuit. *See Watts v. BellSouth Telecomm. Inc.*, 316 F.3d 1203, 1208 (11th Cir. 2003) ("[t]he administrative exhaustion requirement is not found in the ERISA statute itself. Instead, it is a court-imposed, policy-based requirement…). *Perrino* has also been upheld by the Eleventh Circuit repeatedly in the past two decades since it was decided. *See, e.g.*, *Watts*, 316 F.3d at 1208; *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) ("'[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court,' unless a district court excuses the exhaustion requirement due to exceptional circumstances such as an inadequate remedy or denial of meaningful access to administrative review."); *McCay v. Drummond Co.*, 509

-6-

F. App'x 944, 947 (11th Cir. 2013) (recognizing same two exceptions to the exhaustion requirement and stating "[w]e have expressed a disinclination toward expansion of the exceptions to exhaustion"); *Bickley.*, 461 F.3d at 1328 (same). If the Eleventh Circuit intended to overrule or recognize an abrogation of *Perrino*, it would have done so.

Second, in *McCay*, the Eleventh Circuit was presented with the exact argument Plaintiff raises here: "that *Perrino* has been superseded by new administrative regulations" which added a new, "deemed exhausted" exception to the exhaustion requirement. The *McCay* Court stated unambiguously that "there is no Eleventh Circuit case law to this effect." 509 F. App'x 944 at 947, n.1. The Court concluded that, even under the DOL regulations, a claimant must exhaust their administrative remedies unless "'the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.'" *Id.* In other words, the *McCay* court refused to expand on the limited exceptions to exhaustion recognized by *Perrino*, despite being presented squarely with the opportunity to do so. *McCay*, 509 F. App'x 944 at 947, n.1. Accordingly, *Perrino* remains binding.

Third, the district court decisions relied upon by Plaintiff in support of his argument (none of which are from this District) are not binding on this Court. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (acknowledging the "general rule" that a district judge's decision does not bind another district judge"). Nor did those district court judges have the authority to overrule, abrogate or disregard the *Perrino* decision, as they purported to do. Unless or until the Eleventh Circuit revisits *Perrino*, that decision remains the law of this Circuit.

Finally, the other circuits that have analyzed the significance of the DOL's change in the ERISA regulations from the "deemed denied" language to the current, deemed-exhausted language have limited "the application of the deemed-exhausted provision to instances where technical

-7-

noncompliance with ERISA's notice and disclosure requirements has prejudiced the claimant's right to enjoy a reasonable claims procedure." *See, e.g., Holmes v. Colorado Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1212 (10th Cir. 2014) (collecting cases). As explained in the Plan's Opening Brief and above, any technical noncompliance related to the Suspension Notice has not prejudiced Plaintiff's right to a reasonable claims procedure. Accordingly, Plaintiff's claim should be dismissed.

### D. The Court Should Dismiss the Complaint and Order Plaintiff to Exhaust His Administrative Remedies.

Plaintiff's argument that he is entitled to *de novo* review of the adverse benefit determinations contained in the Suspension Notice and the Forfeiture Notice should be rejected. As explained above, the Plaintiff has failed to demonstrate the Plan's denial of future payments after April 29, 2022 contained in the Forfeiture Notice failed to substantially comply with ERISA's claims regulations. Accordingly, the Court should dismiss this aspect of Plaintiff's Complaint and order exhaustion.

With respect to Plaintiff's claims of non-compliance related to the Suspension Notice, the Eleventh Circuit holds that the remedy available when a Plan fails to comply with the claims regulations in denying benefits is "remand to the plan administrator for an out-of-time administrative appeal." *See, e.g.*, *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Fla. Health Scis. Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 12 (11th Cir. 2012) ("A Plan Administrator's failure to follow designated procedures in providing a claimant notice of a benefits denial does not excuse exhaustion of administrative remedies but rather **requires** the district court to remand to the plan administrator 'for an out-of-time administrative appeal.'").

A remand to the Plan administrator would also further judicial economy in this case. As explained above and on pages 11-12 of the Plan's Opening Brief, the Plan's denial of future

payments after April 29, 2022 was in independent adverse benefit determination that complied to the letter with ERISA's claims regulations. Plaintiff must exhaust his administrative remedies with respect to this determination, and Plaintiff has not articulated facts which would meet any exception to the administrative exhaustion requirement. It would make little sense for the parties or the Court to proceed with a *de novo* review of the Plan's decision related to the suspension of certain periodic payments from October 1, 2021 through April 29, 2022, while the Plaintiff pursues his administrative appeal of the Plan's adverse benefit determination of future payments. Moreover, any technical non-compliance on the part of the Plan in the Suspension Notice was cured by the Forfeiture Notice, which included a defined claims procedure, and provided written notice that Plaintiff has 60 days to appeal both: (1) the decision to forfeit payments from October 1, 2021 through April 29, 2022; and (2) the decision to deny all payments since the date of the April 29, 2022 Forfeiture Notice. For all these reasons, the Court should dismiss the Complaint and the appropriate remedy is to remand to the Plan administrator to require Plaintiff to exhaust his administrative remedies.

## II.     THE PLAN IS ENTITLED TO ATTORNEY'S FEES.

As explained on pages 14-15 of the Plan's Opening Brief, the Court should award attorney's fees to the Plan. In response, Plaintiff summarily argues that even if the Plan is successful on the Motion, fees should not be awarded under the "five-factor test adopted by the Eleventh Circuit" in *Cross v. Quality Mgmt. Grp., LLC*, 491 F. App'x 53, 56 (11th Cir. 2012), without further explanation. ECF No. 21 at 15-16 (stating only that "each of the five factors [] supports denying Defendant's request for attorney's fees"). The Court is free to reject this conclusory argument. Indeed, the *Cross* factors support an award of attorney's fees to the Plan. In conjunction with the Forfeiture Notice, counsel for the Plan sent Plaintiff's counsel a letter

identifying the deficiencies in Plaintiff's claim—the bases for the Motion—and seeking dismissal of Plaintiff's claim to allow Plaintiff to pursue an administrative appeal of the Forfeiture Notice, and in an effort to preserve judicial resources. Plaintiff refused to dismiss his claim, thereby forcing the Plan to pursue the Motion. The relative merits of the parties' positions would be clear based on the Court's ruling on the Motion. If the Motion is successful, the Plan should recover its fees in seeking the dismissal it requested from Plaintiff, which could have been avoided entirely at Plaintiff's behest.  Plaintiff, a well-compensated individual, is more than capable of satisfying an award of attorney's fees and should be required to do so under the circumstances.

## CONCLUSION

For the reasons stated here and in the Plan's Motion to Dismiss of for Summary Judgment in the Alternative, the Court should dismiss the Complaint for failure to exhaust administrative remedies, or in the alternative, for failure to state a viable claim for relief. This case does not belong in federal court at this stage and should be remanded to the Plan Administrator to continue the administrative appeal process consistent with Eleventh Circuit precedent. In addition, the Court should award the Plan its fees and costs incurred in obtaining dismissal of Plaintiff's claim.

Dated: this 11th day of July, 2022.

> Respectfully submitted,
> **NELSON MULLINS RILEY & SCARBOROUGH LLP**
> *Counsel for Defendant*
> 1905 N.W. Corporate Blvd., Suite 310
> Boca Raton, Florida 33431
> P:  561-483-7000 | F:  561-483-7321
>
> By:   */s/ T.W. Anderson*
>       **Terrance W. Anderson, Jr., Esq.**
>       Florida Bar No. 27426
>       TW.Anderson@nelsonmullins.com
>       Jenny.Sica@nelsonmullins.com
>
>       and

-10-

-11-

**Patrick W. Spangler, Esq.**, *admitted pro hac vice*
**Allison E. Czerniak, Esq.**, *admitted pro hac vice*
Vedder Price, P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: (312) 609-7500 | F: (312) 609-5005
pspangler@vedderprice.com
aczerniak@vedderprice.com