UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL LANDA,

    Plaintiff,                                  CASE NO. 22-cv-21091-Bloom

v.                                                   Civil Division

AON CORPORATION EXCESS
BENEFIT PLAN, AS AMENDED AND
RESTATED AS OF JANUARY 1, 2009,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, Aon Corporation Excess Benefit Plan ("Defendant" or the "Plan"), for its response[1] to Plaintiff, Michael Landa's ("Plaintiff" or "Landa"), Statement of Material Facts (DE # 22), states as follows:

28. **Undisputed.**

29. **Undisputed, but immaterial for purposes of the present motion.**

30. **Undisputed.**

31. **Undisputed that the document referenced, referred to as the Plan Payment Notice, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context: "because you are no longer employed by Aon Corporation the pension SERP requires that you begin receiving payments on October 1, 2021, the month after you terminate employment."**

---

[1] The Plan responds to these statements of fact only for purposes of the present motion, and does not waive any objections to use of these responses in a subsequent dispositive motion or at trial. The Plan further states that the information set forth herein is based on its preliminary investigation of this matter, and is necessarily limited by the lack of discovery or other procedures that would allow it to fully investigate this matter. The Plan reserves the right to disavow any response herein should new information become available to the Plan in the future.

32.     **Undisputed that the document referenced, referred to as the Plan Payment Notice, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions a pension calculation statement indicating how the Plan benefits were calculated and indicating the number and amount of the benefit payments, as well as a reference to certain enclosures including direct deposit, tax withholding, and beneficiary designation forms.**

33.     **Undisputed.**

34.     **Undisputed.**

35.     **Undisputed, but immaterial for purposes of the present motion. This response is made subject to and without waiving the objection that this statement of fact contains multiple asserted facts.**

36.     **Undisputed that the document referenced, referred to as the November Suspension Letter, which are neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context: "payments from the Aon Corporation Excess Benefit Plan (the "Plan" or "SERP") have been suspended, effective immediately. This suspension is due to the pending review of your potential violation(s) of the Plan's prohibitions on competitive activity (Section 4.4(b) of the Plan)." This response is made subject to and without waiving the objection that this statement of fact contains multiple asserted facts. The remaining asserted facts are undisputed, but immaterial for purposes of the present motion.**

37.     **Undisputed that the Plan, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context: "If a claim is denied, in whole or in part, written notice of such denial shall be furnished to the applicant setting forth, in a manner calculated to be understood by him, the following: (i) the specific reason or reasons for the denial; a specific reference to pertinent EBP provision on which the denial is based; (iii) a description of additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) an explanation of the claim review procedure."**

38.     **Undisputed that the document referenced, referred to as the November Suspension Letter, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context: "You will be notified of the determination upon completion of this review."**

39.     **Disputed. This response is made subject to and without waiving the objection that this statement of fact improperly calls for a legal conclusion, which requires no response and should be disregarded.**

40.     **Undisputed.**

41.     **Undisputed.**

42. **Disputed. Answering further the Plan states that it is undisputed it did not issue an additional determination related to the Suspension Letter until April 29, 2022. However, the Plan's decision to deny further payments from April 29, 2022 going forward is an independent adverse benefit determination that was not subject to any prior suspension of benefits.**

43. **Undisputed. This response is made subject to and without waiving the objection that this statement of fact as containing multiple asserted facts.**

44. **Undisputed that counsel for Landa sent a letter to the Plan on March 4, 2022. The Plan objects to this statement of fact as containing multiple asserted facts. Subject to and without waiving this objection, the Plan states the remaining asserted facts are disputed. The Plan sent the Forfeiture Notice on April 29, 2022 in reference and response to Landa's March 4, 2022 letter.**

45. **Undisputed.**

46. **Undisputed.**

47. **Undisputed that the Plan, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context "(b) has, during or after employment, in the sole judgment of the Chief Executive Officer of the Company, after reasonable investigation, breached any of the following prohibitions . . ."**

48. **Undisputed that the Plan, which is neither fully stated, nor fairly characterized by this statement of fact, includes among its other provisions the following excerpted statement, which is removed from context: "If the claim is denied, written notice of the denial will include, in a manner calculated to be understood by the claimant, the following: (i) The specific reason or reasons for the denial; (ii) Specific reference to pertinent [Plan] provisions on which the denial is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (iv) An explanation of the claim review procedure.**

49. **Disputed. The Forfeiture Notice specifically identified the reason for the denial.**

Respectfully submitted,
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
*Counsel for Defendant*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P: 561-483-7000 | F: 561-483-7321

By:   */s/ T.W. Anderson*
      **Terrance W. Anderson, Jr., Esq.**
      Florida Bar No. 27426
      TW.Anderson@nelsonmullins.com
      Jenny.Sica@nelsonmullins.com

and

**Patrick W. Spangler, Esq.**, *admitted pro hac vice*
**Allison E. Czerniak, Esq.**, *admitted pro hac vice*
Vedder Price, P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: (312) 609-7500 | F: (312) 609-5005
pspangler@vedderprice.com
aczerniak@vedderprice.com

-4-