UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21091-BLOOM/Otazo-Reyes

MICHAEL LANDA,

    Plaintiff,

v.

AON CORPORATION EXCESS BENEFIT PLAN,
*as amended and restated as of January 1, 2009*,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS OR FOR SUMMARY JUDGMENT IN THE ALTERNATIVE

**THIS CAUSE** is before the Court upon Defendant Aon Corporation Excess Benefit Plan's ("Defendant") Motion to Dismiss or for Summary Judgment in the Alternative, ECF No. [15] ("Motion"), along with its corresponding Statement of Material Facts, ECF No. [16] ("SMF"). Plaintiff Michael Landa ("Plaintiff") filed a Response in Opposition, ECF No. [21] ("Response"), and his Statement of Facts in Opposition, ECF No. [22] ("Response to SMF"). Defendant filed a Reply to Plaintiff's Response, ECF No. [24] ("Reply"), and its Reply Statement of Material Facts, ECF No. [25] ("Reply to SMF"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

    **I. BACKGROUND**

Plaintiff initiated this action against Defendant on April 11, 2022, ECF No. [1] ("Complaint"), asserting a claim for recovery of benefits under Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B). According to the Complaint, Aon established Defendant

as a compensation plan for a select group of management or highly compensated employees. ECF No. [1] ¶ 10; *see also* ECF No. [1-1] ("Plan"). Plaintiff was eligible for the Plan as a member of Defendant. ECF No. [1] ¶ 12. Plaintiff resigned from Aon in June 2021, and his employment was terminated on September 8, 2021. *Id.* ¶ 14. On October 11, 2021, Defendant sent Plaintiff an Excess Benefit Plan Notice, stating that he would be receiving benefits under the Plan. *Id.* ¶ 15.[1] On or around November 2, 2021, Plaintiff submitted forms provided by Defendant to begin receiving benefits on December 1, 2021. *Id.* ¶ 19; *see also* ECF No. [21] at 3.

On November 30, 2021, instead of issuing the first benefits check, Defendant issued a Suspension Notice, stating that Plaintiff's benefits were indefinitely "suspended, effective immediately" due to a "pending review of [his] potential violation(s) of the Plan's prohibitions on competitive activity (Section 4.4(b) of the Plan)." ECF No. [1] ¶ 20; *see also* ECF No. [1-2] ("Suspension Notice"). The letter further stated, "You will be notified of the determination upon completion of this review." ECF No. [1] ¶ 20. The Suspension Notice failed to inform Plaintiff of the ninety-day deadline, prescribed by 29 C.F.R. § 2560.503-1(f)(1), for Defendant to make any adverse benefit determination. *Id.* ¶ 21. The ninety-day deadline prescribed by 29 C.F.R. § 2560.503-1(f)(1) expired on February 28, 2022, ninety (90) days after the Suspension Notice, and Defendant neither commenced payment of Plaintiff's benefits nor denied his claim as of the date Plaintiff initiated the lawsuit. *Id.* ¶ 22.

As stated, Plaintiff initiated this action against Defendant on April 11, 2022. Defendant filed the instant Motion on May 31, 2022, requesting that the Court dismiss the Complaint pursuant to Rule 12(b)(6) and/or Rule 12(d) or grant summary judgment in the alternative for Plaintiff's

---

[1] The Complaint states that the Excess Benefit Plan Notice was sent on October 11, *2001*. ECF No. [1] ¶ 15. The stated year appears to be a scrivener's error. The Court presumes based on the other factual allegations that Plaintiff meant to allege that the Excess Benefit Plan Notice was sent on October 11, *2021*.

failure to exhaust administrative remedies. *See* ECF No. [15]. Defendant also contends that the Complaint should be dismissed because the Complaint fails to state a claim for viable relief. *See id.* at 12-14. It argues that the appropriate remedy for Defendant's alleged failure to comply with ERISA regulations is the tolling of time limits for adminstriative appeal and remand to the plan administrator for an out-of-time administrative appeal, not entitlement to denied benefits. *See id.* at 13. Defendant further submits that it is entitled to recover attorneys' fees and costs incurred in dismissing Plaintiff's claim.

Plaintiff responds that Plaintiff should be deemed to have exhausted administrative remedies because Defendant failed to establish and follow the required claims procedures, an exception to the exhaustion requirement applies considering Defendant's failure to provide meaningful access to administrative review, Plaintiff has stated a claim to recover benefits under ERISA, and Defendant is not entitled to attorneys' fees. ECF No. [21].

## II. LEGAL STANDARD

### a. Motion to Dismiss for Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### b. Motion to Dismiss for Failure to Exhaust Administrative Remedies

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

"First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing *Bryant v. Rich,* 530 F.3d 1368, 1373-74 (11th Cir. 2008)).

Second, "[i]f the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner*, 541 F.3d at 1082-83. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the plaintiff has exhausted his available administrative remedies. *Id.* at 1083.

### III. DISCUSSION

#### a. Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiff has failed to allege facts that would excuse him from exhausting the Plan's administrative remedies. *See* ECF No. [15] at 7-8. Defendant claims that it complied with all ERISA regulations by sending a Forfeiture Notice to Plaintiff on April 29, 2022. *See id.* at 8; *see also* ECF No. [16-4] at 7-8 ("Forfeiture Notice"). The Forfeiture Notice advises

of an appeals process that allows Plaintiff to appeal Defendant's decision to the Plan's Administrative Committee. *See* ECF No. [16-4] at 7-8. As such, Defendant contends that Plaintiff must appeal the decision before filing suit. Further, even if the Forfeiture Notice did not comply with ERISA regulations, Defendant's failure to comply with the regulations does not excuse Plaintiff's failure to comply with the exhaustion requirement. *See id.* at 8-9 (citing *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000)). Defendant submits that there are only two exceptions to the exhaustion requirement: (1) when resorting to administrative remedies would be futile or inadequate; and (2) where a claimant is denied meaningful access to the administrative review scheme in place. *See id.* at 9. In this case, the Forfeiture Notice provides Plaintiff with an opportunity to appeal the forfeiture, and there is no indication that the appeals process would be futile or inadequate. *See id.* at 10-11. Also, Plaintiff had meaningful access to the administrative review scheme since Plaintiff had a copy of the Plan and the review procedures therein. *See id.* at 11-12.

Plaintiff responds that the untimely Forfeiture Notice does not cure Defendant's failure to comply with the ninety-day deadline requirement in 29 C.F.R. § 2560.503-1(f)(1). *See* ECF No. [21] at 4. The ninety-day deadline to make a determination on Plaintiff's benefits expired on February 28, 2022, and the Forfeiture Notice was issued on April 29, 2022. *See* ECF No. [16-4] at 7-8; *see also* ECF No. [1] ¶ 23. Defendant's failure to comply with 29 C.F.R. § 2560.503-1(f)(1) means Plaintiff should be deemed to have complied with the exhaustion requirement under the amended ERISA regulations. *See* ECF No. [21] at 7-10; *see also* 29 C.F.R. § 2560.503-1(*l*)(1) ("[I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan"). Plaintiff further contends that Defendant's reliance on

*Perrino* is misplaced because that case was based on prior ERISA regulations that have since been amended. *See id.* at 8. Plaintiff instead relies on *Tindell v. Tree of Life, Inc.*, 672 F. Supp. 2d 1300, 1309 (M.D. Fla. 2009), where the court determined that because the plaintiff filed suit "after the regulatory deadlines had expired and without having received a decision from the plan administrator," the plaintiff could file suit without seeking administrative remedies. *See* ECF No. [21] at 8-9. Plaintiff also argues that the second exception to the exhaustion requirement applies because Defendant failed to provide meaningful access to an administrative review scheme. *See id.* at 10-12. According to Plaintiff, the administrative review scheme requirement is a pre-suit requirement, so the Forfeiture Notice and any review scheme provided therein after the filing of the suit cannot satisfy the administrative review scheme requirement. *See id.* at 10-11.

As an initial matter, Defendant issued the Forfeiture Notice after the start of the lawsuit. *See* ECF No. [16-4] at 7-8. As such, it was not a part of Plaintiff's Complaint and was included only in Defendant's Motion. The Court reiterates that when addressing a motion to dismiss for failure to exhaust administrative remedies, the Court must look "to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and *if they conflict*, takes the plaintiff's version of the facts as true." *Turner*, 541 F.3d at 1082 (emphasis added). In this case, Plaintiff does not challenge the authenticity of the Forfeiture Notice, and there is no conflict as to the timing and content of the Forfeiture Notice. *See generally* ECF No. [21]. As such, the Court considers the Forfeiture Notice, even though it was not a part of the Complaint, without having to "make specific findings in order to resolve [any] disputed factual issues." *Turner*, 541 F.3d at 1082.

Next, considering the Forfeiture Notice, the Court determines that Defendant plainly failed to comply with 29 C.F.R. § 2560.503-1(f)(1). The regulation states, in relevant part, that "if a claim

is wholly or partially denied, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan . . ." 29 C.F.R. § 2560.503-1(f)(1). As noted above, the Forfeiture Notice was issued on April 29, 2022, more than ninety (90) days after both the receipt of Plaintiff's claim on November 2, 2021, and the Suspension Notice on November 30, 2021. As such, Defendant failed to comply with the 29 C.F.R. § 2560.503-1(f)(1). The relevant issue before the Court is whether Defendant's failure to comply with the 29 C.F.R. § 2560.503-1(f)(1) excuses Plaintiff's compliance with the exhaustion requirement.[2]

Regarding the exhaustion requirement and whether Plaintiff is excused from complying, the parties disagree on the import of the Eleventh Circuit's holding in *Perrino*, 209 F.3d at 1315. Defendant contends that Plaintiff has failed to comply with the narrow exceptions to the exhaustion requirement. Plaintiff argues that *Perrino* is not instructive in light of the amended ERISA regulations that allow administrative remedies to have been deemed exhausted if Defendant fails to comply with ERISA regulations, *see* 29 C.F.R. § 2560.503-1(*l*)(1). Upon review, the Court agrees with Defendant and finds Plaintiff's position to be unpersuasive for several reasons.

First, in *McCay v. Drummond Co.*, the Eleventh Circuit was presented with a similar argument "that *Perrino* has been superseded by new administrative regulations." 509 F. App'x 944, 947 n.1 (11th Cir. 2013). The Eleventh Circuit held that the argument was unavailing because no Eleventh Circuit case held that *Perrino* was superseded by new administrative regulations. *See*

---

[2] The Court notes that Defendant did not comply with 29 C.F.R. § 2560.503-1(f)(1) by issuing the Suspension Notice before the ninety-day deadline. The Suspension Notice does not constitute a denial of Plaintiff's claim, but rather a suspension of Plaintiff's benefits pending further review. *See* ECF No. [1-2]. In addition, Plaintiff could not have appealed the Suspension Notice because the Plan does not provide for an appeal of suspended benefits, *see* ECF No. [1-1] at 13-14, and the Suspension Notice does not provide for an appeals process, *see* ECF No. [1-2]. Defendant fails to cite to any record evidence that Plaintiff could have appealed the Suspension Notice. *See* ECF No. [24] at 5.

*id.* ("As for McCay's claim that *Perrino* has been superseded by new administrative regulations, there is no Eleventh Circuit case law to this effect."). The Eleventh Circuit further held that the "new" administrative regulations allow a claimant to avoid exhaustion *if* "the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." *Id.* (quoting 29 C.F.R. § 2560.503-1(*l*)). In *McCay*, the Eleventh Circuit determined that the defendant had established a "reasonable claims procedure," even though the procedure took place thirteen (13) months after the deadline. *Id*.

Second, in *Watts v. BellSouth Telecomm. Inc.*, the Eleventh Circuit specifically cited *Perrino* and stated that "the administrative exhaustion requirement is not found in the ERISA statute itself. Instead, it is a court-imposed, policy-based requirement . . . ." 316 F.3d 1203, 1208 (11th Cir. 2003) (citing *Perrino*, 209 F.3d at 1311, 1315-18). As such, *Perrino* is instructive irrespective of any amendment to the ERISA regulation.

The Court now turns to *Perrino* and the policies considered by the Eleventh Circuit to address whether Defendant's failure to comply with the ninety-day notice requirement excuses Plaintiff's noncompliance with the exhaustion requirement. In *Perrino*, the Eleventh Circuit held, in relevant part, as follows:

> First, our caselaw makes plain that as a general rule plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court. This rule is grounded in several important policy rationales, and also is consistent with Congressional intent. As we explained in *Mason:* [c]ompelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated. In addition, imposing an exhaustion requirement in the ERISA context appears to be consistent with the intent of Congress that pension plans provide intrafund review procedures. As a result, we strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims in federal court with

> certain caveats reserved for exceptional circumstances. Thus far, our circuit has recognized exceptions only when resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied meaningful access to the administrative review scheme in place.
>
> . . .
>
> Our prior precedent makes clear that the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy.

209 F.3d at 1315-16, 1317 (internal quotation marks and citations omitted).

The Eleventh Circuit's policy rationales are relevant here as the Court has a strong interest in minimizing the cost of dispute resolution, preventing premature judicial intervention in the decisionmaking process, and allowing prior fully considered actions to assist courts if the dispute is eventually litigated. Considering the relevant policy rationales, the Court must "strictly enforce" the exhaustion requirement on Plaintiff who has brought an ERISA claim in federal court. *See id.* at 1315. In this case, although the Forfeiture Notice was issued after the ninety-day deadline, the Court determines that Defendant's technical violation of the ninety-day deadline does not excuse Plaintiff's failure to exhaust all administrative remedies in light of the weighty policy considerations. Thus, Plaintiff must exhaust the remedy provided by the appeals process unless one of the two aforementioned exceptions apply.

With regard to the first exception, Plaintiff does not argue that the administrative remedy would be futile or inadequate. *See generally* ECF No. [21]. As such, the first exception does not apply. With regard to the second exception, although Defendant was late in providing meaningful access to the administrative review scheme by issuing the Forfeiture Notice after the ninety-day deadline, as the Eleventh Circuit determined in *McCay*, a delay of thirteen (13) months does not constitute denial of meaningful access to an administrative review scheme. *See* 509 F. App'x at 947 n.1. The Court similarly finds that the relatively shorter delay of five (5) months in this case

10

does not amount to denial of meaningful access to an administrative scheme. As such, neither exception applies, and the Court must strictly enforce the requirement that Plaintiff exhaust all administrative remedies.

In sum, the Complaint must be dismissed for further administrative proceedings based on the undisputed factual allegations in the Motion and Response. Given the Court's determination, the Court need not engage in the second step of making factual findings to resolve any disputed issues of fact.

### b. Failure to State a Claim

Given the Court's determination that the case should be dismissed for further administrative proceedings, the Court need not address additional arguments raised with respect to Plaintiff's purported failure to state a claim for viable relief.

### c. Attorneys' Fees

Defendant argues that the Court should award attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). *See* ECF No. [15] at 14-15. Plaintiff responds that Defendant is not entitled to attorneys' fees even if it were to prevail on the Motion because the five-factor test adopted by the Eleventh Circuit in *Freeman v. Cont'l Ins.*, 996 F.2d 1116, 1119 (11th Cir. 1993), does not warrant the granting of attorneys' fees in this case. *See* ECF No. [21] at 14-16. Plaintiff further points out that the Eleventh Circuit has cautioned that, when applying the five factors, courts should consider ERISA's "essential remedial purpose" in protecting beneficiaries of pension plans. *See Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir. 1986). Plaintiff submits that the essential remedial purpose of ERISA weighs against the award of attorneys' fees "since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose." *Id.* (quoting *Nachwalter*, 805 F.2d at 962).

11

Case No. 22-cv-21091-BLOOM/Otazo-Reyes

The Court agrees with Plaintiff. In *Freeman*, the Eleventh Circuit held that courts should consider the following:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions.

*Freeman*, 996 F.2d at 1119. The Court is not persuaded that there was any culpability or bath faith on the part of Plaintiff. Plaintiff appears to have brought his ERISA claim in good faith, especially since the Forfeiture Notice had not been issued when Plaintiff filed this action. The relative merits of Plaintiff's position, while ultimately unavailing, were not unreasonable, as evidenced by the parties' and the Court's extended analysis. The Court is further persuaded by Plaintiff's reliance on *Nachwalter*. The remedial purpose of ERISA in protecting beneficiaries of pension plans and allowing beneficiaries to secure their rights through private actions weighs against the award of attorneys' fees. *See Nachwalter*, 805 F.2d at 962. Defendant notably fails to address Plaintiff's reliance on *Nachwalter*. *See* ECF No. [24] at 9-10.

As such, Defendant's request for attorneys' fees and costs is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [15]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The above-styled case is **DISMISSED WITHOUT PREJUDICE**.

3. Each party shall bear its own attorneys' fees and costs.

4. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

Case No. 22-cv-21091-BLOOM/Otazo-Reyes

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record